**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| RSR ART, LLC, doing business as Bob | ) | |
| Ross Licensing & Publicity, a Corporation | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| BOB ROSS, INC., a Corporation, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, RSR ART, LLC ("RSR ART"), by its attorneys, brings this Complaint against

Defendant, BOB ROSS, INC. ("Defendant") for injunctive relief, damages, and attorney's fees.

Plaintiff alleges as follows:

## NATURE OF ACTION

1.      This action arises from a dispute over intellectual property rights relating to the

artist Bob Ross and seeks relief for misappropriation of right of publicity, false representation,

and cancellation of U.S. trademark registrations pursuant to the Trademark Act, 15 U.S.C. §

1051 *et. seq*., and the statutory and common law of Virginia (Va. Code § 59.1-196 *et seq.*) and

Florida (Fla. Statute § 540.08), and the various states where the infringing acts occur or cause

harm.

## PARTIES

2.      RSR ART, LLC is a corporation organized and existing under the laws of

Delaware, with a principal place of business at 404 E. Thompson Street, Winchester, Indiana.

RSR ART is doing business as Bob Ross Licensing & Publicity.

3.      Bob Ross, Inc. is a corporation organized and existing under the laws of Virginia,

with a principal place of business at 4206-A Technology Court, Chantilly, Virginia 20151.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 15

U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this case arises under the Lanham Act,

15 U.S.C. § 1051 *et. seq.*   This Court has supplemental jurisdiction over all state law and

common law claims in the civil action pursuant to 28 U.S.C. § 1367 because the state or common

law claims are so related to claims over which this court has original jurisdiction that the state

law and common law claims form part of the same case or controversy under Article III of the

United States Constitution.

5.      This Court may exercise personal jurisdiction over the Defendant because it is

incorporated and has its principal place of business in this state and District.

6.      Venue is proper in this forum pursuant to 28 U.S.C. §§ 1391(b) and (c) because

Defendant resides in the District and a substantial part of the acts giving rise to the claims herein

have occurred and will occur in this District.

## FACTUAL BACKGROUND

7.      RSR ART is the successor in interest to the rights granted to Robert Stephen Ross

("RSR") by his father, the late artist Bob Ross.

8.      RSR ART holds rights to the Bob Ross name, likeness, right of publicity and

other intellectual property rights through a trust created during Bob Ross's lifetime by him for

members of his family.

9.      Robert Norman "Bob" Ross ("Bob Ross"), the well-known American painter, art

instructor, and television host, died on July 4, 1995, leaving a trust dated May 12, 1994, with

subsequent amendments relating to his intellectual property rights (the "Bob Ross Trust").

10.     Through the First Amendment to the Trust, dated May 25, 1995, the artist Bob

Ross conveyed the Bob Ross Intellectual Property identified below to the Bob Ross Trust and

named Bob Ross's brother, Jimmie L. Cox, and Bob Ross's son, Robert Stephen Ross as

beneficiaries of that intellectual property.

11.     By Assignment effective July 5, 1995, the Trustee, Jimmie L. Cox, transferred the

Bob Ross Intellectual Property to the Beneficiaries, Jimmie L. Cox and Robert Stephen Ross.

12.     By Assignment dated October 27, 2016, Jimmie L. Cox assigned his rights in the

intellectual property under the Bob Ross Trust to Robert Stephen Ross.

13.     Pursuant to that assignment and the related trust documents, Robert Stephen Ross

became the owner of 100% of the Bob Ross Intellectual Property held by the Bob Ross Trust.

14.     Robert Stephen Ross transferred his rights in the Bob Ross Intellectual Property to

RSR ART on February 10, 2017.

15.     The First Amendment to the Trust defines the Bob Ross Intellectual Property as

follows:

"[A]ll rights, title, interests, goodwill, artist's moral rights, resale royalty rights, and

renewal rights, whether vested, statutory, common law, contingencies, or expectancies in

any and all intellectual property of which Donor [Bob Ross] is deemed by law to be the

sole or joint author, creator, artist, performer or owner, including, but not limited to,

copyrights and trademarks regarding Donor's name, likeness, voice, and visual, written

or otherwise recorded works.  Further, such rights hereby conveyed extend to all

versions, subsidiary, and derivative embodiments of the rights; and hereby empower

Trustee to act to license, encumber, pledge, file, register, amend, sell, assign, gift, loan,

display, use, reclaim, attached, co-venture, or option such works and rights, including the

power to defend, rescind or enforce related contracts or other actions by filing suit in law or equity.  Notwithstanding said powers, Jimmie L. Cox and Robert Stephen Ross, as assignees may act at their discretion to deny the exploitation of such rights, if they determine it to be in the best interest of maximizing their enduring value.  In every possible manner, and for all intents and purposes regarding third parties, Jimmie L. Cox and Robert Stephen Ross, shall act from the date of the assignment to them, with all said rights and authority otherwise provided to Donor as an originator or proprietor of the above intellectual property rights."

16.     Defendant Bob Ross, Inc., was established in 1985.  The artist Bob Ross was one of the founders of Defendant.

17.     For many years, during the life of the artist Bob Ross and after his death in 1995, Defendant Bob Ross, Inc. sold or licensed artists' supplies, instruction books and videos relating to the artist Bob Ross.

18.     Although the artist Bob Ross died in 1995, his name, identity and work as an artist have become the subject of renewed popular interest, due in part to the rebroadcast of his educational television programs via Netflix and Twitch.  As a result, the Bob Ross name, likeness and other intellectual property rights associated with the artist has gained substantial commercial value.

19.     Recently, and long after the creation of the Bob Ross Trust, Defendant Bob Ross, Inc., began a  licensing program involving the Bob Ross name and identity for various commercial products, including but not limited to tee shirts, wallets, lanyards, suspenders, hats, belts, socks, underwear, Chia pets, games, toys, figures, bobble heads, costumes, mugs, drinkware, coin banks, keychains, ceramics, mints, soap, pins, sticky notes, puzzles, greeting

cards, shopping list pads, coloring books, calendars and other items ("Bob Ross Licensed Products").

20.     Bob Ross Licensed Products are being sold commercially through a variety of retail vendors, including Wal-Mart, Target, Amazon and others, and are advertised nationally via the Internet and other public media.

21.     The Bob Ross Licensed Products fall within the scope of the Bob Ross Intellectual Property rights held by RSR ART.

22.     The Bob Ross Licensed Products are being sold and licensed by Defendant Bob Ross, Inc. without authorization or appropriate compensation to RSR ART.

23.     RSR ART has contacted Defendant Bob Ross Inc. and requested that Defendant provide proof of its rights, if any, to license the Bob Ross Licensed Products, but it has failed to provide such proof.

24.     Defendant Bob Ross, Inc. lacks the right to license the Bob Ross name, likeness and identity for the Bob Ross Licensed Products.

25.     The right to license the Bob Ross name, likeness and identity for the Bob Ross Licensed Products belongs to RSR ART as part of the rights it has acquired through the Bob Ross Trust.

26.     Defendant Bob Ross, Inc. markets and grants the right to sell the Bob Ross Licensed Products to potential licensees and others, falsely claiming that it holds the exclusive right to grant such licenses, when in fact, it does not have that right.

## COUNT I
## FALSE REPRESENTATIONS IN VIOLATION OF LANHAM ACT (15 U.S.C. § 1125(a) AND STATE LAW)

27.     RSR ART re-alleges paragraphs 1 through 26, as if fully set forth herein.

28.     Defendant Bob Ross, Inc. has made false representations of its rights in connection with its sale and marketing of the Bob Ross Licensed Products to licensees, agents and customers.

29.     Defendant's conduct constitutes false or misleading representations of fact in violation of the Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the statutory and common law of Virginia and other states where the violations occur or cause harm, including Va. Code § 59.1-196 *et seq*.

30.     Defendant's acts have caused and will continue to cause Plaintiff irreparable harm unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

**COUNT II**
**MISAPPROPRIATION OF RIGHT OF PUBLICITY**

31.     RSR ART re-alleges paragraphs 1 through 30, as if fully set forth herein.

32.     The artist Bob Ross was a resident of Florida at the time of his death in 1995.

33.     The Bob Ross Intellectual Property Rights acquired by RSR ART include rights in the Bob Ross name, likeliness and identity and are subject to protection under the right of publicity law of Florida, Fla. Statute § 540.08.

34.     Florida law provides protection of right of publicity for forty years after death. As a result, the rights of publicity acquired by RSR ART is entitled to protection until at least 2035.

35.     Defendant's unauthorized commercial use and licensing of the name, likeness and identity of Bob Ross constitutes infringement of the right of publicity acquired by RSR ART, in violation of Florida Law and the laws of other states where the use and infringement occurs.

36.     Defendant's acts constitute knowing and willful violation of Plaintiff's rights under the statutory and common law of Florida, and the other states where the infringing acts

occur or cause harm.  Fla. Statute § 540.08.

37.     Defendant's acts have caused and will continue to cause Plaintiff irreparable harm

unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

**COUNT III**
**CANCELLATION OF TRADEMARK REGISTRATIONS (15 U.S.C. § 1119)**

38.     RSR ART re-alleges paragraphs 1 through 37, as if fully set forth herein.

39.     Defendant Bob Ross, Inc. has obtained the following U.S. Trademark

Registrations relating to the Bob Ross name and likeness:

| Mark | Registration No. | Goods and Services |
|---|---|---|
|  | 1,430,222; filed July 10, 1986 | Publication, namely instruction books, booklets, pamphlets and flyers dealing with art (Class 16) |
|  | 2,028,460; filed September 11, 1995 | Pre-recorded video tapes featuring instruction on painting methods (Class 9); Artistic materials, namely plastic beater racks for cleaning paintbrushes, instructional art books and paint brushes (Class 16) |
| BOB ROSS ART WORKSHOP & GALLERY | 2,029,815; filed August 30, 1995 | Providing courses of instruction in painting and artwork (Class 41); retail store services featuring art supplies and artwork (Class 42) |
| BOB ROSS WET-ON-WET TECHNIQUE | 4,190,723; filed January 10, 2012 | Educational services, namely, conducting classes and workshops in the fields of artistic painting and distribution of training materials in connection therewith (Class 41) |

Defendant Bob Ross, Inc. claims it was given consent by the artist Bob Ross to obtain these

Trademark Registrations.  However, Bob Ross died prior to the filing of Reg. Nos. 2,028,460, 2,029,815, and 4,190,723, and therefore did not provide his consent to those applications nor did Defendant Bob Ross, Inc. obtain consent from the Bob Ross Trust.

40.      The Bob Ross Intellectual Property Rights acquired by RSR ART include the right to revoke any and all consents granted by the artist Bob Ross.

41.      RSR ART has provided Defendant Bob Ross, Inc. written notice revoking the prior consent to the Defendant's Bob Ross Trademarks.

42.      As a result of that revocation, Defendant Bob Ross, Inc. is not entitled to ownership of the trademark registrations and the continued registration of Defendant's Bob Ross Trademarks suggests a false connection with persons, living or dead, in violation of 15 U.S.C. § 1052.

43.      RSR ART owns the following U.S. Trademark Application based on the rights it acquired through the Bob Ross Trust:

| Mark | Application No. | Goods and Services |
|---|---|---|
|  | 87/607,020; filed September 14, 2017 | Clothing, namely, jackets, shirts, belts and shoes (Class 25); Cigarette papers and tobacco accessories (Class 34) |

44.      RSR ART believes it will be damaged by the continued registration of Defendant's Bob Ross Trademarks and therefore is entitled to Cancellation of those registrations pursuant to 15 U.S.C. § 1064(c).

45.      Defendant's Bob Ross Trademark are subject to Cancellation in accordance with 15 U.S.C. § 1064(c).

**WHEREFORE**, RSR ART demands the following relief:

1.      That Defendant, and all persons acting in concert or participating with it, be

preliminarily and permanently enjoined from

   (A)    making unauthorized commercial use in advertising, marketing,
           social media, licensing, sales and otherwise of the Bob Ross
           Intellectual Property Rights held by RSR ART, including but not
           limited to the Bob Ross name, likeness, right of publicity or other
           intellectual property rights, in connection with the Bob Ross
           Licensed Products or any other products for which Bob Ross, Inc.
           cannot demonstrate superior rights to the rights held by RSR ART.

   (B)    making or using any false or misleading description or
           representation stating or implying that it is the owner of the rights
           required to sell or license the Bob Ross Intellectual Property for
           the Bob Ross Licensed Products, or making any other false or
           misleading representation regarding its rights.

2.      That Defendant be ordered to account for and to pay RSR ART all profits

realized by Defendant by reason of their unlawful acts as set forth in this

Complaint.

3.      That the Court award RSR ART three times the damages suffered as a result of

the intentional, unlawful acts of Defendant as set forth in this Complaint.

4.      That Defendant be ordered to pay RSR ART punitive or exemplary damages as

provided by law.

5.      That Defendant be required to file with this Court and serve on the undersigned

counsel for RSR ART within thirty (30) days after the entry of judgment a

written report under oath setting forth in detail the manner in which Defendant

have complied with the injunction ordered by this Court.  15 U.S.C. § 1116.

6.      That Defendant be ordered to pay to RSR ART the costs of this action and

reasonable attorneys' fees.

7.      That the Court issue an order requiring Cancellation of Defendant's Bob Ross

Trademarks.

That RSR ART shall have such other relief as this Court may deem just and proper.

Plaintiff RSR ART requests trial by jury.

DATED:  September 25, 2017

Respectfully submitted,

By:   /s/
Iris Figueroa Rosario (Virginia Bar No. 47350)
GRAY, PLANT, MOOTY, MOOTY
  & BENNETT, P.A.
The Watergate – Suite 700
600 New Hampshire Ave. NW
Washington, DC 20037
Telephone: (202) 295-2204
Fax: (202) 295-2250
iris.rosario@gpmlaw.com

By:   /s/
PARTRIDGE PARTNERS PC
Mark V.B. Partridge (*pro hac vice* forthcoming)
Daniel L. Rogna (*pro hac vice* forthcoming)
321 North Clark Street, Ste. 720
Chicago, IL 60654
Telephone:  (312) 634-9502
mark@partridgepartnerspc.com
daniel@partridgepartnerspc.com

*Attorneys for Plaintiff RSR ART, LLC*